IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. CR-25-214-D |
| PEPE LUIS MORALES, JR., a/k/a Jose Luis Morales, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court is Defendant's Second Unopposed Motion to Continue Jury Trial and Extend Time Within Which to File Pretrial Motions and Notices [Doc. No. 25]. For the following reasons, the motion is **GRANTED**.

## BACKGROUND

Defendant was charged in a one-count indictment [Doc. No. 1] with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Defendant appeared for arraignment before United States Magistrate Judge Shon T. Erwin on July 14, 2025, and entered a plea of not guilty. Initially, the case was set on the Court's September 9, 2025, jury trial docket [Doc. No. 13].

On August 26, 2025, Defendant filed an unopposed motion to continue [Doc. No. 21], which the Court granted [Doc. No. 23]. The case was continued to the November 4, 2025, jury trial docket.

On October 20, 2025, Defendant filed the present motion to continue [Doc. No. 25]. Counsel for Defendant represents that he was recently made aware that Defendant is no

1

longer in custody at the Oklahoma County Detention Center and has been placed in the custody of the Oklahoma Department of Corrections. Counsel states that a state writ of habeas corpus ad prosequendum has been filed to bring Defendant back to the Oklahoma County Detention Center, but he needs additional time for the writ to be executed and to meet with Defendant.

Defendant requests a continuance to the January 2026, jury trial docket. The government is not opposed to the requested continuance. Defendant has filed a Waiver of Speedy Trial [Doc. No. 27].

## ANALYSIS

Upon consideration of the motion and the ends of justice, the Court finds that the need for a continuance outweighs the best interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A); *see also United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009). For the reasons set forth in Defendant's motion, the Court finds that a refusal to grant the requested continuance would unreasonably deny Defendant's counsel the time reasonably necessary for effective preparation, despite due diligence, and would likely result in a miscarriage of justice.

In making these findings, the Court has fully considered the statutory factors set forth in § 3161(h)(7)(B) and has concluded that the requested continuance is fully consistent with congressional policies and binding precedent. *See Bloate v. United States*, 559 U.S. 196, 214 (2010); *Toombs*, 574 F.3d at 1269. The Court has also considered the length of delay, the reason for delay, any prejudice, and other relevant circumstances. *Toombs*, 574 F.3d at 1273. Further, no circumstance is present that would prohibit a

continuance pursuant to § 3161(h)(7)(C). Therefore, the period of delay caused by the granting of this motion is excludable for purposes of the Speedy Trial Act.

Accordingly, Defendant's Second Unopposed Motion to Continue Jury Trial and Extend Time Within Which to File Pretrial Motions and Notices [Doc. No. 25] is **GRANTED**. This case is stricken from the November 4, 2025, jury trial docket and is rescheduled on the January 2026, jury trial docket. The parties shall file all pre-trial motions on or before December 16, 2025.

**IT IS SO ORDERED** this 23rd day of October, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge